MONTGOMERY LAW GROUP
Bradley R. Flynn, Esq.
NJ ID 173362016
1420 Locust Street, Suite 420
Philadelphia, PA 19012
Phone: 215-650-7563
Bradley@ed-law.com

Attorneys for the Plaintiff

**IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| A.T. and O.T., individually and | : | |
| on behalf of A.T., | : | |
| *Plaintiffs,* | : | |
| v. | : | |
| | : | Case No. 3:25-cv-01728 |
| | : | |
| | : | |
| FREEHOLD REGIONAL HIGH | : | Motion Date: April 7, 2025 |
| SCHOOL DISTRICT BOARD OF | : | |
| EDUCATION, | : | |
| *Defendant.* | : | |

**<u>PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO PROCEED UNDER
PSEUDONYM</u>**

Counsel on the Brief:                    Montgomery Law, LLC.

Bradley R. Flynn, Esq.                   1420 Locust Street, Suite 420

1773362016                               Philadelphia, PA 19102

                                         215-650-7563

                                         Attorneys for Plaintiffs

**TABLE OF CONTENTS**

Table of Contents…………………………………………………………………………………….i.

Table of Authorities……………………………………………………………………….....ii.

I.    BACKGROUND……………………………………………………………………1.

II.    ARGUMENT………………………………………………………………………...2.

A.  Legal Standard………………………………………………………………………2.

B.  The *Megless* Factors tip the scales decidedly in favor of allowing the Plaintiffs to proceed pseudonymously…………………………………………………………………….4.

1.  The Plaintiffs have demonstrated a reasonable fear of harm……………………………..4.

2.  The Plaintiffs have kept their identities confidential throughout the process because the issues involve the civil and special education rights of a minor child…………………....5.

3.  The Plaintiffs have advanced a substantial basis for keeping their identities private….......6.
4.
5.  There is a weak public interest in knowing the identities of the litigants………………...6.

6.  The plaintiff would "refus[e] to pursue the case at the price of being publicly identified" and "the undesirability of an outcome adverse to the pseudonymous party."....................7.

7.  The Plaintiffs do not have an illegitimate ulterior motive for proceeding under a pseudonym……………………………………………………………………..…7.

8.  Public interest strongly favors ensuring that families and children involved in disputes with their school districts remain anonymous……………………………………….....7.

C.  None of the *Megless* Factors weigh against allowing the Plaintiffs to proceed under pseudonym……………………………………………………………………………..7.

III.    CONCLUSION…………………………………………………………………...….8.

## TABLE OF AUTHORITIES

STATUTES

20 U.S.C. § 1232g…………………………………………………………………....5, 6, 7.

44 U.S.C. § 205(c)(3)(A)(i)-(iv).................................................................................................4.

CASES

*Craig v. Harney*, 331 U.S. 367, (1947)...................................................................................2.

*Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, (9th Cir.2000))..............................3.

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, (9th Cir. 2010)...........4.

*Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, (D.N.J. 2006).........................................7.

*Doe v. Megless*, 654 F.3d 404, (3d Cir. 2011)........................................................................*passim.*

*Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, (E.D.Pa. 1997).....................................3.

*Doe v. Stegall*, 653 F.2d 180,(5th Cir. Unit A 1981).....................................................................2.

*Heward v. Bd. of Educ. of Anne Arundel Cnty.*, No. CV ELH-23-00195, 2023 U.S. Dist. LEXIS 166248, 2023 WL 6067072, (D. Md. Sept. 15, 2023)................................................................4.

*In Re Avandia Mktg., Sales Practices and Prods. Liab. Litig.,* 924 F.3d 662 (3d Cir. 2019)........6.

*N.C. v. Bd. of Educ. of Balt. Cnty.*, No. 1:24-cv-00367-JRR, 2024 U.S. Dist. LEXIS 77138 (D. Md. Apr. 29, 2024)................................................................................................................4.

*Polk v. Cent. Susquehanna Intermediate Unit 16*, 853 F.2d 171,  (3d Cir. 1988)...........................5.

*S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, (5th Cir. 1979)..............................................................................................................................................3.

## REGULATIONS

34 C.F.R. § 99.30………………………………………………………………...5, 6, 7.

N.J.A.C. 1:6A-18.2……………………………………………………………….......7.

## RULES OF PROCEDURE

FED. R. CIV. P. 10(a)........................................................................................................2.

Local Civil Rule 5.2 (17)................................................................................................4.

## I.    BACKGROUND

O.T. and A.T. are the Parents of student A.T., who is a student with special needs. A.T. is a seventeen-year-old student (DOB May 8, 2007), who is diagnosed, *inter alia*, with autism spectrum disorder, receptive-expressive language disorder, social communication disorder, spinal-cord malformations, and immune dysfunction. (Compl.  3). He presently attends school in the Freehold Regional High School District (the "District" or the "Defendant"). The  District is the local educational agency ("LEA"), which is responsible for providing A.T. with a free appropriate public education ("FAPE"). (Compl.  5).

Parents are presently before this Court in the matter *A.T. and O.T., individually and on behalf of A.T. v. The Freehold Regional High School Board of Education*, (3:24-cv-00822). That case is before the Hon. Zahid N. Quraishi, U.S.D.J. It is notable that Parents moved this Court to proceed under pseudonym in that matter. (ECF 16). This Court granted that Motion on September 20, 2024. (ECF 26). Since that date, the Plaintiffs have appeared before this Court pseudonymously.

Parents are concerned that the public, including other families and students in the District, could learn that student A.T. was involved in litigation, along with his identity. (O.T. Aff ¶¶9-11). Additionally, parents were worried that other families and students would learn about A.T.'s special education needs, his disabilities, and medical information. They report that A.T. would be embarrassed if this information became public. (O.T. Aff ¶¶10-11).

Student A.T. and his father have the same name. (O.T. Aff ¶12). If a person reading the public docket sees the father A.T. 's name, it stands to reason that such a person could uncover student A.T.'s identity and his personal, special education information. Furthermore, Plaintiff O.T. has a unique name and she is fairly known in the community. (O.T. Aff ¶13). For similar

1

reasons, A.T.'s identity and personal information could be uncovered.

It is for these reasons that they now move the Court to proceed under pseudonym; and for this Court to enter a protective order to seal the record and any uploaded materials pursuant to Local Civil Rule 5.3. The below paragraph set forth their basis for relief.

## II.    ARGUMENT
### A.  Legal Standard

Although the Federal Rules of Civil Procedure require plaintiffs to disclose their names when they commence a lawsuit pursuant to FED. R. CIV. P. 10(a), this Court has long recognized the right of individuals to proceed anonymously through the use of a fictitious name. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A 1981). While recognizing that, as a general matter, there is "a clear and strong First Amendment interest in ensuring that '(w)hat transpires in the courtroom is public property'" *Id.* (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)). Courts have held that the "normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter.'" *Id*. (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)) ("*SMU*") (internal citation omitted). This Court has allowed plaintiffs to proceed pseudonymously when the plaintiff can demonstrate (1) "a fear of severe harm" from the public disclosure of her name and (2) "that the fear of severe harm is reasonable." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir.2000)).

In *Megless*, the Third Circuit adopted the nine-factor test for the use of pseudonyms that was first articulated in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D.Pa. 1997). The *Megless* court noted that this "list of factors is not comprehensive" and directed courts to consider the particular circumstances of each case. *Id.* at 409-10. The factors that support a plaintiff's use of a pseudonym are: (1) "The extent to which the identity of the litigant

2

has been kept confidential;" (2) "The bases upon which disclosure is feared....and the substantiality of these bases;" (3) "The magnitude of the public interest in maintaining the confidentiality of the litigant's identity;" (4) "Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants identities;" (5) Whether the plaintiff would "refus[e] to pursue the case at the price of being publicly identified" and "the undesirability of an outcome adverse to the pseudonymous party;" and (6) "Whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Id.* at 408. The factors that weigh against the use of pseudonyms are: (1) "The universal level of public interest in access to identities of litigants;" (2) "Whether, because of the subject matter of this litigation, the status of a litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants' identities;" and (3) "Whether the opposition to pseudonym by counsel, the public or press is illegitimately motivated." *Id.*

In addition, 44 U.S.C. § 205(c)(3)(A)(i)-(iv), The EGovernment Act of 2002, requires that information pertaining to children be made confidential. This notably includes students with disabilities. *Id.* In fact, this Court, in applying the EGovernment Act of 2002 in its local rules, affirms,

> As the public may access case information through the PACER system, sensitive information should not be included in any document filed unless the Court orders otherwise. As required under Federal Rule of Civil Procedure 5.2(a) and Federal Rule of Criminal Procedure 49.1(a), when making any electronic or Paper Filing with the Court that contains . . . the name of an individual known to be a minor . . . a party or nonparty making the filing may include only: . . . the minor's initials . . .".

Local Civil Rule 5.2 (17). As the EGovernment Act and Local Civil Rule 5.2(17) make clear, a minor child's information should be safeguarded.

3

**B. The *Megless* Factors Tip the Scales decidedly in Favor of Allowing the Plaintiffs to Proceed Pseudonymously.**

**1. The Plaintiffs have demonstrated a reasonable fear of harm.**

A plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010); *See also Megless*, 654 F.3d at 408. As courts have found, "the risk of harm is implicit in exposure of a minor's sensitive information" in education lawsuits. *N.C. v. Bd. of Educ. of Balt. Cnty.*, No. 1:24-cv-00367-JRR, 2024 U.S. Dist. LEXIS 77138 at *7 (D. Md. Apr. 29, 2024). Similarly, courts have concluded that disclosing the parents' identities in an education lawsuit would pose a significant risk that the child would be identified. *Id. Heward v. Bd. of Educ. of Anne Arundel Cnty.*, No. CV ELH-23-00195, 2023 U.S. Dist. LEXIS 166248, 2023 WL 6067072, at *3 (D. Md. Sept. 15, 2023) ("[C]ourts have found a compelling government interest in sealing personal information, especially when relating to minors.").

As applied here, there is substantial risk that the student, A.T.'s identity would be revealed, which would undermine his dignity as a student with disabilities. Congress made dignity of persons with disabilities one of the main policy objectives of the Individuals with Disabilities Education Act (the "IDEA"). *Polk v. Cent. Susquehanna Intermediate Unit 16*, 853 F.2d 171, 181 (3d Cir. 1988). Here, A.T. is a student who receives special education. Furthermore, both A.T. and his father, co-Plaintiff A.T., share the same name. (O.T. Aff ¶12). A party reviewing the docket can easily figure out the student A.T.'s name just by reading named parties. To unmask student A.T.'s identity, would be to undermine his dignity as a student with disabilities.

Furthermore, the Family Education Privacy Rights Act ("FERPA") requires that education entities safeguard student privacy. 20 U.S.C. § 1232g; 34 C.F.R. § 99.30. While the

4

Court is not an educational entity, this case involves a student and their school district. At the center of this case will be student and medical records. Making this information public would be contrary to the goals of safeguarding private student information. Revealing A.T.'s identity, moreover, would amount to the severe harm courts have contemplated.

**2. The Plaintiffs have kept their identities confidential throughout the process because the issues involve the civil and special education rights of a minor child.**

Throughout this process, the Plaintiffs have taken steps to keep theirs and their child's identities confidential. This, notably, included the Plaintiffs filing for motion to proceed under pseudonym in 3:24-cv-00822.

**3. The Plaintiffs have advanced a substantial basis for keeping their identities private.**

As above indicated, the Plaintiffs' basis for keeping theirs and A.T.'s name private is that he is a student in special education. Again, by simply reading the docket, it would be easy to figure out that the case pertains to student A.T.'s special education needs, civil rights, and potential medical information. Both A.T. and his father share the same name, and his mother, O.T., has a unique name in this country. (O.T. Aff ¶12). Keeping A.T.'s, who is a student with disabilities, information private, is the basis for their request to proceed pseudonymously.

**4. There is a weak public interest in knowing the identities of the litigants.**

The Third Circuit has concluded that while Courts acknowledge that "there is a presumptive right of public access to pretrial motions of a non-discovery nature, whether preliminary or dispositive," this common law presumption is not absolute, and may be overcome by a showing that the "interest in secrecy" outweighs the "presumptive right of public access." Thus, a party has to show that the disclosure of the documents will cause harm to the party

5

seeking to keep the documents under seal. *In Re Avandia Mktg., Sales Practices and Prods. Liab. Litig.,* 924 F.3d 662 (3d Cir. 2019).

Because this case involves private student information for a minor child in special education, there is a weak public interest in knowing the identities of the Plaintiffs. Again, the policy objectives set forth in FERPA weigh in favor of keeping A.T.'s and his Parents' identities private. 20 U.S.C. § 1232g; 34 C.F.R. § 99.30.

**5. The plaintiff would "refus[e] to pursue the case at the price of being publicly identified" and "the undesirability of an outcome adverse to the pseudonymous party."**

As set forth in the Plaintiffs' affidavits, they fear that if their personal identities remain public, they may withdraw their lawsuit. (O.T. Aff ¶15). Because this case involves the civil rights of a student in special education, it is imperative that they have access to the courts for redress. Justice, therefore, requires that they be permitted to proceed under pseudonym.

**6. The Plaintiffs do not have an illegitimate ulterior motive for proceeding under a pseudonym.**

As set forth in the Plaintiffs' affidavits, their only motive is to safeguard their minor child with a disability's right to privacy. (O.T.Aff ¶¶17-18).

**7. Public interest strongly favors ensuring that families and children involved in disputes with their school districts remain anonymous.**

If parents and their children are fearful of having their identities known, along with their child's confidential information pertaining to their disabilities, such families may be reluctant to use the courts to vinciate their child's rights. The chilling effect to parents on behalf of their children with disabilities would be a grave injustice. Thus, to that end, public interest weighs in favor of allowing the Plaintiffs to proceed under pseudonym.

6

**C. None of the *Megless* Factors weigh against allowing the Plaintiffs to proceed under pseudonym.**

The public does not have an interest in knowing the identities of parents and students involved in educational disputes with their child's school district. Again, the policy objectives under FERPA center on keeping confidential private student information. 20 U.S.C. § 1232g; 34 C.F.R. § 99.30. Furthermore, the New Jersey Administrative Code specifies that when referring to parents or the child, only their initials shall be used. N.J.A.C. 1:6A-18.2. While the instant federal case does not necessarily turn on the New Jersey Administrative Code, this regulation is instructive. First, the instant matter is an appeal of a special education due process petition. Second, this case involves issues pertaining to a student with disabilities having equal access to their education, which includes their special education program. (Dckt. Entry 1). Because the Office of Administrative Law is keeping the names of the parties confidential, it stands to reason that this Court, too, would do the same.

Second, none of the litigants are public figures and there is no strong interest in knowing their identities, as they are parents and a student involved in a dispute with a school district. When balancing the factors, the Courts will consider whether there is a strong interest, such as the litigant being a public figure, in revealing their identity. *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006). In the instant matter, the Plaintiffs are not public figures. Rather, they are the parents of a student with disabilities and a child in special education.

Because this Court found that the Plaintiffs are permitted to proceed under pseudonym in 3:24-cv-00822, it stands to reason that the *Megless* factors weigh in favor of their request in the instant matter.

.

7

**III.    CONCLUSION**

For all of the reasons set forth above, Plaintiffs are respectfully requesting that this Court allow them to proceed under pseudonym; and for this Court to enter a protective order to seal the record and any uploaded materials pursuant to Local Civil Rule 5.3.

Respectfully submitted,

**THE MONTGOMERY LAW GROUP, PLLC**
1420 Locust Street, Suite 420
Philadelphia, PA 19102
*Attorneys for Plaintiff*

Dated: March 10, 2025                    By: /s/Bradley R. Flynn

Bradley R. Flynn
NJ Bar ID No. 173362016

8