**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| A.T. and O.T. individual and on behalf of A.T., *Plaintiffs.* | : | Case No. 3:25-cv-1728 |
| v. | : | |
| FREEHOLD REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION | : | |

PLAINTIFFS' MOTION TO SEAL RECORD

Pursuant to Local Rule 5.3(c), the undersigned hereby moves for an Order Sealing the Administrative Record in the captioned matter, which has been filed under seal.

**A. The Nature of the Proceedings at Issue:**

On November 10, 2025, Plaintiffs filed their Motion for Summary Judgment on the Administrative Record (ECF 20), which references Volumes I through V of the Administrative Record, which have since been filed under seal[1]. (ECF 23-24). On November 11 and 12, 2025, undersigned counsel conferred with counsel for Defendant about filing the Administrative Record under seal. Due to the voluminous nature of the file and to protect Plaintiffs' privacy, counsel for both parties agreed to file the Record under seal. As noted in counsel for the Defendant's Motion to Seal, there were several issues with filing some of the exhibits on the docket. (ECF 21). Additionally, due to the size of the files of the Administrative Record, undersigned counsel encountered issues with uploading it on the Court's docket.

[1] It is undersigned counsel's understanding that the New Jersey Department of Education sent the Administrative Record to the Court in October 2025, prior to the submissions of the Motions for Summary Judgement.

**B. The legitimate private or public interest which warrants the relief sought.**

FRCP 5.2(d) specifies that "The court may order that a filing be made under seal without redaction." Because this action involves student records of a child who, at the time of the due process proceedings, was a minor, the file should be filed under seal to safeguard their personally-identifiable information. Furthermore, this Court has allowed Plaintiffs to proceed under pseudonym in this matter. (ECF 3).

**C. The clearly defined and serious injury that would result if the relief sought is not granted.**

L.R. 5.3(c)(2)(iii) affirms, "[i]n any action in which materials have been filed temporarily under seal pursuant to (c)(4) of this rule, and the motion or other filing which includes such materials is resolved or otherwise terminated before all briefing is completed, the party filing such materials shall have a continuing obligation to file a motion to seal. Such motion shall be filed within 14 days following the date on which the last of such materials was filed under temporary seal, or as may otherwise be ordered by the Court." As applied here, if the record is not sealed, then Plaintiffs' personally-identifiable information, including medical records, student records, and identities will be made public.

**D. Why a less-restrictive alternative to the relief sought is not available.**

Both counsel for Defendant and Plaintiff have worked together and have jointly agreed to seal the Administrative Record in this matter, as it is the best interest of Plaintiff, student A.T.

Finally, in accord with L.R. 5.3(c), L.R. 7.2(a) and 28 U.S.C. § 1746(2), I, Bradley R. Flynn, declare under penalty of perjury that the foregoing is true and correct.

**E. CONCLUSION**

For all the reasons set forth above, Defendant Freehold Regional High School District requests that this Court order that:

(1) Defendant's Motion to Seal under L.R. 5.3(c) be granted; and

(2) Volumes I through V be permanently sealed by the Court.

s/Bradley R. Flynn
Bradley Flynn, Esq.
For Montgomery Law, PLLC.
Attorneys for the Plaintiff

Dated: November 13, 2025