**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

| | |
|---|---|
| A.T. and O.T. individually and on behalf of A.T., Plaintiffs, vs. FREEHOLD REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION, Defendant. | Civil Action No. 3:25-cv-01728-ZNQ-JTQ **Order granting Consolidated Motion to Seal at ECF 37** |

## I. Findings of Facts

### A. The nature of the materials or proceedings at issue.

1. On November 10, 2025, at ECF 19, Defendant filed a Motion for Summary Judgment with this Court, which relied upon fourteen documents ECF 19-1 through ECF 19-14.

2. On November 10, 2025, Plaintiffs informed Defendant that three of the exhibits to ECF 19 appear to have personal identifiers, which had not been fully redacted. Defendant called the Court on November 12, 2025, to request that a temporary seal be placed on ECF 19 exhibits until Defendant filed a Motion to Seal and a Motion to Substitute those documents.

3. A temporary seal was placed on all the documents found at ECF 19, under L. Civ. R. 5.3(c)(4).

4. In error the Parties filed three Motions to Seal, and a Motion to Substitute, outside the precepts of L. Civ. R. 5.3(c)(1). <u>See</u> ECF 21, 22, 25, and 30.

5. On January 22, 2026, in accord with this Court's January 8, 2026 Text Order, ECF 37, the Parties filed a Consolidated Motion to Seal ("Consolidated Motion") to correct their collective error and to ask this Court to file ECF 19-7, 19-8, 19-12, under seal.

**B. The legitimate private or public interest which warrants the relief sought.**

6. The legitimacy of Plaintiffs' claim that personal identifiers were not redacted arises out of fact that Plaintiffs were permitted to proceed under pseudonym in this matter, ECF 11, and the fact that the unredacted information was the first and last names of the Plaintiffs' in documents ECF 19-7, 19-8, 19-12.

**C. The clearly defined and serious injury that would result if the relief sought is not granted.**

7. If documents ECF 19-7, 19-8, 19-12 are not sealed, the protections that Plaintiffs gained by proceeding under pseudonym, ECF 11, are lost.

**D. Why a less restrictive alternative to the relief sought is not available.**

8. There are no prior orders specifically sealing the same materials in the above captioned matter.

9. Counsel for the Parties have worked closely, with regard to both the representations in the Consolidated Motion, the representations in the Index in Support, ECF 37-1, and the redactions needed to protect Plaintiffs' permission to proceed under pseudonym.

10. As a result, no party is objecting to the sealing request.

**II. Conclusions of Law**

11. In this District, Local Civil Rule 5.3 governs all motions to seal or otherwise restrict public access to both materials filed with the Court and judicial proceedings themselves. See Barnes v. Hauck, No. 12–2705 (RMB), 2013 WL 3216171, *1 (D.N.J. June 25, 2013) (citation omitted).

12. Under L. Civ. R. 5.3 a party seeking an Order to seal materials or judicial proceedings must describe: (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury

that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

13. The Court finds that under the standard enunciated above, there is good cause to seal ECF 19-7, 19-8, 19-12, and thus the relief sought in the Consolidated Motion falls within the purview of L. Civ. R. 5.3(a)(3).

14. The legitimacy of the privacy interests at stake are clear. See, e.g., Gresko v. Pemberton Twp. Bd. of Educ., Case No. 19–00638, 2021 WL 508676, at *2 (D.N.J. Feb. 11, 2021) (concluding that the parties satisfied their obligation under Local Civil Rule 5.3 in seeking to redact the full name and identifying information of the minor who was the subject of the underlying Individuals with Disabilities Education Act action).

15. As noted in this Court's order, dated March 19, 2025, ECF 11, that the allegations contained in Plaintiffs' Complaint are of a confidential nature and are appropriate for proceeding under pseudonym, and this Court's direction in that same order that the "record and any filings shall be sealed" supports the relief sought in the Consolidated Motion.

16. Finally, as recognized by the relief provided in this Court's March 19, 2025 order, ECF 11, there does not appear to be any less restrictive alternative to protect disclosure of this confidential material.

17. Given the confidential nature of all the information contained therein, redaction does not seem adequate.

18. Thus, this Court recognizes that the sealing of ECF 19-7, 19-8, 19-12 is necessary to protect Plaintiffs' privacy interests and there is no less restrictive alternative available at this time.

For all the reasons set forth above, it is

**ORDERED THAT** the Consolidated Motion to Seal under L. Civ. R. 5.3(c), ECF 37, be granted. It is further

**ORDERED THAT** ECF 19-7, ECF 19-8, and ECF 19-12 be permanently sealed

Date: February 18, 2026

Justin T. Quinn, USMJ