May 23, 2026

Hon. Justin T. Quinn, U.S.M.J.
United States District Court
Clarkson S. Fisher Federal
Building 402 East State Street
Courtroom 4W
Trenton, NJ 08608
Re:

*Re:* *A.T. and O.T. o/b/o A.T. v. Freehold Regional High School (No. 3:24-cv-00822)*

*A.T. and O.T. o/b/o A.T. v. Freehold Regional High School (No. 3:25-cv-01728)*

Dear Judge Quinn,

I am currently *pro se* in this matter. That said, we have engaged John Rue, Esq. of John Rue & Associates, as consulting counsel to assist us in assessing the discovery file, and the extent to which additional discovery may be required. We believe this must happen before we can secure replacement counsel for Montgomery Law. I am attaching a letter from Mr. Rue to this letter.

During the 30 days granted by the Court to reconstruct the case, my former attorney, Bradley Flynn, Esq and Montgomery Law, have not provided a complete litigation file or the materials I repeatedly requested that would explain what occurred during more than a year of discovery in this matter.

At this point, it remains unclear what discovery requests were fully responded to by the district, what documents remain outstanding, why requested depositions and interrogatories were never completed, and whether additional discovery is necessary.

Defense counsel herself, Anne Myers, Esq. first approached me and provided an index of discovery materials before counsel appeared for A.T. Jr., confirming that communication regarding the case was possible. After reviewing that index, I reached out to defense counsel requesting a reasonable explanation or identification of what discovery had already been provided so I could understand the case and assist my son's replacement counsel. I was not requesting discovery on behalf of A.T. Jr.; I was requesting information and materials related to my own claims and my own access to the case as a pro se litigant. However, when I later attempted to ask follow-up questions regarding that same index, the discovery identified in it, and materials missing from my own file, defense counsel refused further communication and stated they would not communicate with me directly unless counsel appeared for A.T. Jr. At the same time, my former attorney still has not provided a large portion of the discovery identified in that index despite multiple requests, leaving me unable to meaningfully understand or organize discovery in this case.

I made clear to the Court and counsel that I am proceeding pro se on my own claims because, after years of litigation, I have lost confidence that I presently understand the status and

completeness of discovery in this case. Despite my limited language, I am reading Your Honor's decision over and over, even using a dictionary, and nowhere do I understand it to say that, as a pro se litigant, I am not allowed to receive information about my own case from my former attorney or defense counsel unless I retain an attorney for myself. I do not understand the Court's decision, as preventing me, as a pro se litigant, from obtaining basic information necessary to understand the status of my own claims and the current posture of discovery.

To clarify, I am actively attempting to retain counsel for A.T. Jr. However, the lack of access to a complete litigation file has significantly interfered with that process. While I will be proceeding pro se on my own claims, I still do not have access to core case materials necessary to understand the status of discovery and this litigation.

I respectfully request for an additional thirty (30) days so that the discovery file can be reconstructed in a usable form, successor counsel can be meaningfully evaluated for A.T. Jr., and I can better understand the present status of my own claims as a self-represented litigant.

Respectfully submitted,
/s/O.T.

Plaintiff, pro se

cc. Anne Myers Esq. EFC

Bradley Flynn Esq. (via email)

Joseph Montgomery Esq. (via emai)

# Exhibit A

John D. Rue†
(founder)
—
Krista L. Rue
—
Francis X. Geier

RUE LAW GROUP*
A PRIVATE PUBLIC INTEREST LAW FIRM
5 LAKE DRIVE
WOODLAND LAKES, RANDOLPH, NJ 07869
(862) 283-3155 (main)
(973) 860-0869 (facsimile)

May 23, 2026

**VIA ECF**
Honorable Justin T. Quinn, U.S.M.J.
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608
(609) 989-2114

**RE:** *A.T. et al. v. Freehold Regional High School Bd. of Edu.* (No. 3-24-cv-00822)
*A.T. et al. v. Freehold Regional High School Bd. of Edu.* (No. 3:25-cv-01728)

Dear Judge Quinn:

The undersigned has been engaged by Plaintiffs as consulting counsel to assist them during the present transition period following the departure of prior counsel and, in part, to ensure that Plaintiffs' communications with the Court and opposing counsel are fully understood, English not being Plaintiffs' first language. The undersigned has not entered an appearance, and Plaintiffs remain self-represented at this time.

Since being engaged, the undersigned has devoted substantial effort to reconstructing the discovery and litigation record from materials received from prior counsel. That review remains ongoing and presently includes assessment of:

- what productions and supplemental productions have been made by each side, and what materials remain outstanding;
- what deposition-related materials exist and what depositions, if any, may still be required; and
- what materials were incorporated into the certified administrative record.

The condition of the transferred file has made this assessment more involved than initially anticipated. The undersigned is in active communication with The Montgomery Firm, which has represented that it will fully cooperate in reconstructing the file, and that work is proceeding.

The undersigned is mindful that fact discovery was scheduled to close on April 20, 2026, with prior counsel's request for a further extension (ECF No. 77) then pending before the Court (and reiterated by separate communication from Mrs. Tafani, *pro se*), and that the Court's April 27, 2026 stay (ECF No. 82) followed shortly thereafter. Any motion directed to the discovery schedule would need to be supported by a showing of good cause under Federal Rule of Civil Procedure



† Licensed in New York as well as New Jersey
[1] John Rue & Associates, LLC has registered "Rue Law Group" as a DBA, to ensure compliance with NJ RPC 7.5 (incorporating RPC 7.1). The underlying legal entity remains John Rue & Associates, LLC.

16(b)(4), and that showing depends in turn on an accurate assessment of what discovery has occurred and what, if any, remains needed. The undersigned is not presently in a position to advise Plaintiffs to make that showing responsibly, and Plaintiffs accordingly preserve, but do not now press, any application directed to the schedule.

The undersigned also recognizes that the Court's March 23, 2026 Order (No. 00822, ECF No. 76) contemplated a sixty-day period during which the parties were to advance settlement discussions, and that this period has substantially elapsed against the backdrop of prior counsel's departure. Plaintiffs remain open to good-faith engagement on settlement, and the undersigned is prepared to advise Plaintiffs on settlement posture once the reconstruction process described above is sufficiently complete to permit informed counsel on the value of the case. Plaintiffs respectfully suggest that meaningful settlement engagement is most likely to advance once representation has stabilized and the parties share a common understanding of the existing discovery record.

Accordingly, Plaintiffs respectfully request that the current stay in No. 00822 be extended by an additional thirty (30) days, through approximately June 26, 2026, in both of the above-captioned matters. At the conclusion of the requested period, the undersigned will either enter an appearance on behalf of Plaintiffs and submit any motion regarding the schedule that is then warranted, or, if circumstances make that course inadvisable, submit a further status report addressing the path forward. To the extent the Court would prefer interim status reporting during the extended stay period, the undersigned is prepared to assist Plaintiffs in providing it.

Respectfully submitted,

John Rue

John Rue
Consulting counsel to Plaintiffs

cc: All appearing counsel (via ECF)
Joseph Montgomery, Esq. (via email)
Bradley Flynn, Esq. (via email)