John D. Rue† (founder)
—
Krista L. Rue
—
Francis X. Geier

RUE LAW GROUP*
A PRIVATE PUBLIC INTEREST LAW FIRM
5 LAKE DRIVE
WOODLAND LAKES, RANDOLPH, NJ 07869
(862) 283-3155 (main)
(973) 860-0869 (facsimile)

June 17, 2026

The Honorable Zahid N. Quraishi
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608
***Via ECF***

**RE:** *A.T. and O.T. individually and o/b/o A.T. v. Freehold Reg'l H.S. Dist. Bd. of Edu.*, No. 3:25-cv-1728-ZNQ-JTQ

---

Dear Judge Quraishi:

The undersigned has entered an appearance as counsel for A.T. and his child A.T. in the above matter, and submits this letter in response to the Court's June 15, 2026 Order, which directs Plaintiffs to provide the correct citation for the authority cited at page 8 of their summary judgment brief (ECF No. 20-1) as "*R.L. v. S.D. of Philadelphia*, 2021 WL 148143 (E.D. Pa. Jan. 15, 2021)."

Undersigned counsel has been unable to locate any reported or unreported decision corresponding to that citation, or any decision styled *R.L. v. School District of Philadelphia* addressing the point for which it was cited. Counsel is therefore unable to supply a corrected citation and withdraws Plaintiffs' reliance on that authority.

In preparing this response, undersigned counsel further determined that the companion authority cited in the same sentence, "*D.B. v. Esposito*, 675 F. Supp. 2d 387 (D.N.J. 2009)," is incorrectly cited, and does not support the proposition for which it was offered. The decision appears to be *D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26 (1st Cir. 2012), which addresses the standard governing a free appropriate public education rather than the implementation of assistive technology. Counsel accordingly withdraws Plaintiffs' reliance on that citation as well.

Withdrawal of these two citations, however, does not affect the proposition they were offered to support. The principle that a school district's failure to implement the special education and related services set out in a student's IEP may constitute a denial of a free appropriate public education is supported by authority in this Circuit, including *Elena M. v. Sch. Dist. of Phila.*, No. 22-4767, 2025 U.S. Dist. LEXIS 59700, at *29 (E.D. Pa. Mar. 31, 2025) (holding that "the District denied Student a FAPE from November 17, 2021, to March 3, 2022, by failing to implement the November 2021 IEP's one-to-one services outside the general education classroom"); *see also Abigail P. v. Old Forge School District*, 105 F.4th 57 (3d Cir. 2024). Undersigned counsel will set out the corrected authority for this point in Plaintiffs' supplemental



† Licensed in New York as well as New Jersey
[1] John Rue & Associates, LLC has registered "Rue Law Group" as a DBA, to ensure compliance with NJ RPC 7.5 (incorporating RPC 7.1). The underlying legal entity remains John Rue & Associates, LLC.

submission, which the Court authorized by its companion June 15, 2026 Order and which is due June 30, 2026.

Having recently been retained, undersigned counsel is reviewing Plaintiffs' prior submissions and will ensure that Plaintiffs' supplemental materials, and any corrected briefing the Court may permit, rely only on verified authority. Plaintiffs appreciate the Court's careful review of the parties' submissions.

Respectfully submitted,

Sincerely,

John Rue

John Rue