John D. Rue†

(founder)

—

Krista L. Rue

—

Francis X. Geier

RUE LAW GROUP*

A PRIVATE PUBLIC INTEREST LAW FIRM
5 LAKE DRIVE
WOODLAND LAKES, RANDOLPH, NJ 07869
(862) 283-3155 (main)
(973) 860-0869 (facsimile)

June 28 2026

*Via ECF only*
The Honorable Zahid N. Quraishi, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

RE:    ***A.T. and O.T. o/b/o A.T. v. Freehold Regional High School District Bd. of Educ.,***
       **(No. 3:25-cv-01728-ZNQ-JTQ)**

Dear Judge Quraishi:

This firm represents Plaintiffs-Appellants in the above special education appeal. I write in response to the Court's Order on June 18, 2026. [ECF #047] The Court Ordered the undersigned, by June 30, 2026,

1.     To verify all legal submissions by Plaintiffs' prior counsel, Bradley Flynn ("Flynn").
2.     To verify all emails from Flynn to defense counsel for legal authority.

**Methodology**: In order to audit the validity of each citation, the undersigned utilized AI and LexisNexis to pull the list of citations from the submissions, and to conduct a first pass for confirmation. The confirmations were not limited to those authorities listed in the tables of authority, but also extended to those identified in the body of the submissions, but which had been excluded from the tables of authority. Then, in each case, I manually looked up each case (assisted by the AI work product), so that I was able to personally confirm in each case (a) that the citation led to an actual authority, (b) that the citation was correct (or to correct it where it was not), (c) that the authority actually stood for the proposition for which it was utilized, and (d) that Lexis did not mark the authority with a red flag (as to each authority available on Lexis). (In two instances, red flags were noted, but not material to the proposition for which the authority was cited).

Notably, the audit was limited to two questions: (1) does the authority exist, and (2) does it stand for the proposition for which it was cited. Although a number of citation and formatting errors were identified, I have not recited them herein. These ministerial errors will be addressed directly in the corrected briefing.

The work associated with this audit was recorded in a spreadsheet, with notes on each citation, which the undersigned regards as attorney work product. A copy will be provided to the Court upon request."\

*Bene facere bonum - Doing well by doing good*

†    Licensed in New York as well as New Jersey
1    John Rue & Associates, LLC has registered "Rue Law Group" as a DBA, to ensure compliance with NJ RPC 7.5 (incorporating RPC 7.1). The underlying legal entity remains John Rue & Associates, LLC.

**Scope**:  Where an authority was unavailable on Lexis (specifically, administrative decisions), I have contacted prior counsel to request that the opinions be forwarded to me.

**Findings.**  Following the above protocol, below are my findings on [ECF #003-1], [ECF #020-1], [ECF #032], and [ECF #035].

***Summary Judgment Brief*** [ECF #020-1].  Every authority cited in the brief was reviewed, including those appearing only in the body and omitted from the table of authorities. With the exceptions noted below, and excepting the administrative decisions addressed at the end of this section, each cited authority that the undersigned has been able to verify exists and supports the proposition for which it was offered, and the citator reflects no negative treatment bearing on that proposition."

Three matters warrant the Court's attention.

First and most important, the brief cites *R.L. v. School District of Philadelphia*, 2021 WL 148143 (E.D. Pa. Jan. 15, 2021), for a proposition concerning assistive technology, and the undersigned has been unable to confirm that any decision exists at that citation. This is the matter previously brought to the Court's attention. Unless replacement authority can be identified, that proposition will not be carried forward in the corrected brief.

Second, the brief cites *D.B. v. Esposito*, 675 F. Supp. 2d 387 (D.N.J. 2009), for the same proposition. A decision captioned *D.B. v. Esposito* exists, but at a different citation, and that decision addresses the standard for a free appropriate public education; it does not concern assistive technology and does not support the proposition for which it was cited. That proposition will not be carried forward in the corrected brief unless alternate authority can be identified.

Third, the brief presents a sentence in quotation marks, attributed to *Ridgewood Board of Education v. N.E.*, 172 F.3d 238 (3d Cir. 1999), that does not appear in that decision; the language is drawn from an administrative decision characterizing Ridgewood. Ridgewood supports the underlying proposition, and the corrected brief states it in the court's own terms with a direct citation.

Several cited administrative decisions of the New Jersey Office of Administrative Law and comparable tribunals are not available on Lexis. Two such decisions have been obtained and verified; the remainder are not available on Lexis and have not yet been independently verified, and the undersigned has requested copies from prior counsel and will supplement, including their verification, upon receipt.

The remaining authorities required no substantive correction. Where citation errors were identified, they will be corrected in a corrected brief to be submitted. A detailed citation-by-citation worksheet reflecting this review, which the undersigned regards as attorney work product, will be provided to the Court upon request.

***Opposition to Defendant's Motion for Summary Judgment*** [ECF #032]:

Every authority cited in the brief was reviewed, including those appearing only in the body of the brief. Several of the cited authorities were also cited in the summary judgment brief and were

verified in connection with that review. With the exception of the administrative decision noted below, each cited authority that the undersigned has been able to verify exists and supports the proposition for which it was offered, and the citator reflects no negative treatment bearing on that proposition. Where citation errors were identified, they will be corrected in a corrected brief to be submitted. One cited decision of the New Jersey Office of Administrative Law is not available on Lexis and has not yet been independently verified; the undersigned has requested a copy from prior counsel and will supplement these findings, including its verification, upon receipt.

***Summary Judgment Reply Brief*** [ECF #035]:

Every authority cited in the reply brief was reviewed. Most were also cited in the summary judgment briefing and were verified in connection with that review. Each cited authority exists and supports the proposition for which it was offered, and the citator reflects no negative treatment bearing on that proposition. Where citation errors were identified, they will be corrected in a corrected brief to be submitted. The reply cites no administrative decisions.

***Brief in Support of Motion to Proceed Under Pseudonym* [ECF #003-1]**

Every authority cited in the brief was reviewed. Each cited case exists and supports the proposition for which it was offered, and the citator reflects no negative treatment bearing on that proposition. Where citation errors were identified, they will be corrected in a corrected brief to be submitted. The brief cites no administrative decisions.

***Email Correspondence with Defendant's counsel***.

As to the correspondence between prior counsel and counsel for the Defendant, the undersigned has reviewed the emails that have been made available. None contains any meaningful citation to legal authority; the correspondence consists principally of scheduling, procedural, and case-management communications rather than substantive legal argument. To ensure the review is complete, the undersigned has asked counsel for the Defendant to forward any email correspondence from prior counsel that she believes should be reviewed, so that any such items can be examined and addressed in a supplement if necessary.

The undersigned respectfully submits that the foregoing reflects a complete and good-faith review of the cited authorities and correspondence in accordance with the Court's Order. The review of the administrative decisions identified above remains in progress; and the undersigned will supplement these findings upon receipt of those materials. A corrected brief addressing the matters described herein will be submitted separately. The undersigned is prepared to address any of these authorities, or the review itself, at the Court's convenience.

Respectfully submitted,

*John Rue*

John Rue
John Rue & Associates, LLC
Counsel for Plaintiffs

3