COMEGNO
LAW GROUP

Main 856.234.4114
Fax 856.234.4262

comegnolaw.com

521 Pleasant Valley Avenue
Moorestown, NJ 08057

ANNE R. MYERS, ESQUIRE
MEMBER PA, TX AND NJ BARS

June 29, 2026

**VIA ECF**

Hon. Zahid N. Quraishi
United States District Court – Trenton
Clarkson S. Fisher Fed. Bldg.
402 East State Street
Trenton, NJ 08608

Re: O.T., et al v. Freehold Regional High Sch. Dist. Bd of Educ.
Civil Action No. 3:25-cv-01728-ZNQ-JTQ

Dear Judge Quraishi:

Defendant has reviewed Plaintiffs' letter to the Court finding no further phantom case citing in Plaintiffs' summary judgment briefing. ECF 50.

However, Defendant writes in opposition to Plaintiffs' call for supplemental briefing in light of phantom case citing identified by this Court and confirmed by Plaintiffs.

As Plaintiffs previously noted in correspondence to this Court:

> Withdrawal of these two citations, however, does not affect the proposition they were offered to support. The principle that a school district's failure to implement the special education and related services set out in a student's IEP may constitute a denial of a free appropriate public education is supported by authority in this Circuit, including *Elena M. v. Sch. Dist. of Phila.*, No. 22-4767, 2025 U.S. Dist. LEXIS 59700, at *29 (E.D. Pa. Mar. 31, 2025) (holding that "the District denied Student a FAPE from November 17, 2021, to March 3, 2022, by failing to implement the November 2021 IEP's one-to-one services outside the general education classroom"); *see also Abigail P. v. Old Forge School District*, 105 F.4th 57 (3d Cir. 2024).

ECF 46.

Importantly, in their moving papers and in opposition, Defendant did not argue that A.T. was not entitled to assistive technology, rather Defendant argued that A.T. was provided all the assistive technology to which he was entitled, although he often refused to access it. Defendant's approach is captured in its reply brief:

> A.T.'s refusal complicated his access to the accommodations in his June 14, 2021 IEP. See e.g. ECF 31-4 at 2711-14, reflecting the fact that A.T. was "choosing not to use the option of writing on the computer." A.T. often refused help when it was offered. ECF 19-4 at 286. A.T.'s Geometry teacher reported, "When attempting to assist A[.T.] with his work, he is sometimes resistant and will express clearly that he doesn't want help or just doesn't want to do what is being asked of him.'" Id.
>
> In Lab Biology, A.T. was given multiple reminders that he only needed to pay attention and did not need to write anything down, he often ignored that instruction and as a result required additional time to process information taught aloud in class. ECF 19-4 at 287. When the paraprofessional or teacher in the room provided notes/annotations to A.T. he insisted on copying the notes and would therefore fall behind on the lesson at hand. ECF 19-4 at 287. See also ECF 31-4 at 2746 (noting that A.T. was provided with both hard copies and digital copies of the notes and PowerPoints).

ECF 34 at PageID 3097.

> A.T. was provided a speech to text accommodation in lieu of typing. ECF 31-4 at 2746. In addition A.T. could use a Google Doc to type any of his responses instead of writing them on paper. Id. A.T. often refused the opportunity to have his tests and quizzes read aloud to him. ECF 19-4 at 287. A.T. was given the opportunity to come in during the morning or lunch to make test corrections but refused and was given the opportunity to make corrections during a class. Id.

ECF 34 at PageID 3098.

Briefing in this matter closed over six months ago. Citation to an unremarkable citation of law does not warrant supplemental briefing

Respectfully submitted,

*/s/Anne R. Myers*

Anne R. Myers, Esq.
Comegno Law Group, P.C.
Attorney for the Defendant

ARM/kgk

cc: John Rue, Esquire, as counsel for A.T., individually, and o/b/o A.T. (via ECF and email)
O.T. individually, appearing *pro se* lxxxfxxx@gmail.com (via email)