**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| A.T. and O.T. individually and o/b/o A.T.<br><br>Plaintiffs<br><br>v.<br><br>Freehold Reg'l H.S. Dist. Bd. of Edu. | Docket No.: 3:24-cv-01728-ZNQ-JTQ<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 30, 2026 ORDER** |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........ 1

STATEMENT OF RELEVANT FACTS ........ 2

LEGAL STANDARD ........ 3

ARGUMENT ........ 4

I. THE JUNE 30 ORDER OVERLOOKED THE COURT'S OWN JUNE 15 ORDER TERMINATING THE CROSS-MOTIONS, SO THE PREMISE THAT BRIEFING IS "CLOSED" CANNOT STAND. ........ 4

II. THE JUNE 30 ORDER OVERLOOKED THAT THE FIVE CONFERENCE TRANSCRIPTS WERE NOT IN ANY PARTY'S POSSESSION UNTIL MAY 2026, SO THE AUGUST 2025 DEADLINE CANNOT BAR THEIR INCLUSION. ........ 5

III. THE RELIEF REQUESTED IS MODEST AND FOLLOWS THE COURT'S OWN PRIOR ORDERS. ........ 6

CONCLUSION ........ 6

# TABLE OF AUTHORITIES

## Cases

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,
176 F.3d 669 (3d Cir. 1999) .......... 3

## Rules

L.Civ.R. 7.1(i) .......... 1

## PRELIMINARY STATEMENT

Plaintiff respectfully moves, under Local Civil Rule 7.1(i), for reconsideration of a discrete part of the Court's June 30, 2026 Text Order [ECF #053]. Plaintiff does not ask the Court to revisit its considered judgment on any contested question. Plaintiff asks the Court to reconcile the June 30 Order with two matters already in the record that bear directly on the reasons the Order gives, and that appear to have been overlooked.

First and most important, the June 30 Order rests on the premise that summary judgment briefing "closed nearly six months ago" and that the Court "will not consider any additional briefing at this time." But the Court's own June 15, 2026 Order [ECF #043] administratively terminated the cross-motions for summary judgment. There are no pending cross-motions, and there is no open briefing to close. The premise that briefing remains closed cannot be squared with the Court's prior termination of the very motions to which that briefing was addressed.

Second and equally concrete, the June 30 Order treats any objection to the Administrative Record as untimely because the deadline set in the Court's August 4, 2025 Order [ECF #016] has passed. That rationale cannot reach the five prehearing conference transcripts at issue, because those transcripts were not in the possession of any party until the New Jersey Department of Education produced

them in May 2026, nine months after the August 2025 deadline. A party cannot be faulted for failing to object in August 2025 to the omission of materials that did not reach its hands until May 2026.

Reconsideration is warranted to correct these two overlooked matters and to prevent the manifest injustice of adjudicating this appeal on an administrative record that omits proceedings that took place before the Administrative Law Judge.

## STATEMENT OF RELEVANT FACTS

The Administrative Law Judge conducted five prehearing telephone conferences in this matter, on June 5, June 13, June 24, July 9, and July 24, 2024. Certification of O.T. ¶ 3; Certification of John D. Rue ¶ 7 ("Rue Cert."). Those conferences were proceedings before the Administrative Law Judge. Transcripts of the five conferences do not appear anywhere in the volumes of the Administrative Record. Rue Cert. ¶ 8; O.T. Cert. ¶ 9.

Neither the plaintiffs nor any attorney who represented them possessed transcripts of those conferences during the administrative proceedings, when the record was assembled, or during the summary judgment briefing in this Court. O.T. Cert. ¶ 4. The transcripts were produced to Plaintiff by the New Jersey Department of Education in May 2026. O.T. Cert. ¶ 8; Rue Cert. ¶ 7. That was nine months after the August 4, 2025 stipulation deadline set in the Court's Order at [ECF #016].

On June 15, 2026, the Court granted leave to supplement the Administrative Record and administratively terminated the cross-motions for summary judgment. [ECF #043] On June 30, 2026, the Court granted leave to file the complete Administrative Record under seal and denied Plaintiff's remaining requests. [ECF #053]

## LEGAL STANDARD

A motion for reconsideration is governed by Local Civil Rule 7.1(i), which directs the movant to set forth "concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L.Civ.R. 7.1(i). Reconsideration is appropriate where the movant shows one of three grounds: an intervening change in controlling law; the availability of new evidence; or the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Plaintiff proceeds under the third ground. Plaintiff does not contend that the transcripts are newly discovered evidence, because they were in Plaintiff's possession before the June 30 Order issued. Plaintiff contends, rather, that two matters already before the Court were overlooked, that the June 30 Order rests on premises those matters contradict, and that reconsideration is needed to correct clear error and to prevent manifest injustice.

## ARGUMENT

### I. THE JUNE 30 ORDER OVERLOOKED THE COURT'S OWN JUNE 15 ORDER TERMINATING THE CROSS-MOTIONS, SO THE PREMISE THAT BRIEFING IS "CLOSED" CANNOT STAND.

The June 30 Order declines to consider "any additional briefing at this time" on the ground that summary judgment briefing "closed nearly six months ago." That rationale assumes there are live cross-motions to which a closed briefing schedule attaches. There are not. On June 15, 2026, the Court administratively terminated the cross-motions for summary judgment. [ECF #043] Once the Court terminated those motions, there was no pending motion practice and no open briefing period that could be described as closed.

The two Orders cannot both be given effect as the June 30 Order reads them. If the cross-motions remain terminated, as the June 15 Order directed, then the premise of the June 30 Order, that briefing on those motions is closed, is a clear error of fact, because there is no live briefing to close. If instead the cross-motions are treated as live and fully briefed, then the June 15 Order's termination has been overlooked. Either way, the sequencing the Court itself established, terminate the cross-motions, permit the record to be completed, then proceed, contemplates that the motions will be reinstated and addressed on a corrected record.

Reconsideration is warranted to reconcile the two Orders and to confirm that the cross-motions stand terminated and will be reinstated on the completed record.

## II. THE JUNE 30 ORDER OVERLOOKED THAT THE FIVE CONFERENCE TRANSCRIPTS WERE NOT IN ANY PARTY'S POSSESSION UNTIL MAY 2026, SO THE AUGUST 2025 DEADLINE CANNOT BAR THEIR INCLUSION.

The June 30 Order treats objections to the Administrative Record as untimely because "any objections to the Administrative Record should have been made" by the August 4, 2025 stipulation deadline. [ECF #016] That reasoning cannot apply to the five conference transcripts, for a simple reason the record establishes: those transcripts were not in the possession of the plaintiffs or their counsel until the New Jersey Department of Education produced them in May 2026. O.T. Cert. ¶¶ 4, 8. No party could have identified the omission of the transcripts, or objected to it, at an August 2025 deadline, because no party had the transcripts until nine months later.

The point is not that the transcripts are newly discovered, but that the timeliness rationale on which the June 30 Order rests overlooks a controlling fact already recited to the Court: the May 2026 production date. A deadline cannot reasonably bar materials that were not in the possession (or knowledge) of any party until long after the deadline passed. The transcripts memorialize proceedings that took place before the Administrative Law Judge. They are, by definition, part of what was before him, and their omission from the record is precisely the kind of gap the June 15 Order invited the parties to cure.

## III. THE RELIEF REQUESTED IS MODEST AND FOLLOWS THE COURT'S OWN PRIOR ORDERS.

Plaintiff does not ask the Court to reverse itself or to reopen anything it decided on the merits. Plaintiff asks the Court to do three things that follow directly from its own June 15 Order: (1) confirm that the cross-motions for summary judgment remain administratively terminated; (2) direct that the five prehearing conference transcripts be added to the Administrative Record; and (3) once the complete Administrative Record, now filed under seal, is settled, set a schedule for the parties to address the cross-motions on that completed record. That is the orderly sequence the June 15 Order began, and it spares the Court and the parties the risk of a merits ruling on an admittedly incomplete record.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the motion for reconsideration and enter the accompanying proposed Order.

John Rue

/s/ John Rue
John Rue & Associates, LLC
Counsel for Plaintiff A.T., individually and on behalf of his son A.T.

Dated: July 3, 2026