John D. Rue[†]
(founder)

—

Krista L. Rue

—

Francis X. Geier

# RUE LAW GROUP*
A PRIVATE PUBLIC INTEREST LAW FIRM
5 LAKE DRIVE
WOODLAND LAKES, RANDOLPH, NJ 07869
(862) 283-3155 (main)
(973) 860-0869 (facsimile)

July 22, 2026

***Via ECF***

Honorable Zahid N. Quraishi, U.S. District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

RE:    **A.T. and O.T. individually and o/b/o A.T. v. Freehold Reg'l H.S. Dist. Bd. of Edu.,**
       **No. 3:25-cv-1728-ZNQ-JTQ**

Dear Judge Quraishi:

Kindly accept this informal letter brief in lieu of a formal motion for leave to file a reply in support of Plaintiff's Motion for Reconsideration (ECF No. 55), notwithstanding the limitation on reply papers set forth in Local Civil Rule 7.1(d)(3). For the reasons set forth immediately below, Plaintiff respectfully requests leave to file the reply that follows.

## ARGUMENT IN SUPPORT OF LEAVE

Leave should be granted because a brief reply is necessary to prevent the motion from being decided on a mistaken premise. The Opposition (ECF No. 57) treats the motion as a request to supplement the administrative record with new evidence. It is not. The motion asks the Court to complete and correct the certified record, so that it reflects the administrative proceedings that actually occurred, including a dispositive ruling by the ALJ that survives only in one of the omitted transcripts. That distinction is outcome determinative, and a reply will allow the Court to reach the merits on the motion's actual terms rather than the terms the Opposition assigns to it.

The requested reply is narrow and will not prejudice the District or delay disposition. It runs fewer than five pages (including this section), responds only to arguments raised in the Opposition, seeks no reopening of matters briefed on the underlying summary judgment motions, and is submitted well in advance of the August 3, 2026 return date. Leave to file a reply of this kind should be granted where, as here, it will aid the Court's disposition of the motion.

Plaintiff's *Proposed Reply in Support of the Motion for Reconsideration* follows.

## PRELIMINARY STATEMENT

The Opposition (ECF No. 57) does not dispute that the five prehearing conference transcripts are records of proceedings before the ALJ, that they memorialize his rulings, or that they are absent from the certified record. It resists reconsideration on three grounds: that Plaintiff identified no overlooked controlling decision; that the administrative termination lapsed because Plaintiff

---

*Bene facere bonum - Doing well by doing good*

†    Licensed in New York as well as New Jersey
1    John Rue & Associates, LLC has registered "Rue Law Group" as a DBA, to ensure compliance with NJ RPC 7.5 (incorporating RPC 7.1). The underlying legal entity remains John Rue & Associates, LLC.

never answered the June 15 Order; and that the transcripts are immaterial because the record is limited to the two hearing days. The first misstates the standard. The second is contradicted by the District's own brief. The third is refuted by the ALJ's decision, and it advances a categorical view of the record's boundary that, once asserted, cannot be resolved against Plaintiff without the briefing the motion requested.

## ARGUMENT

I.    **The standard is clear error, and Plaintiff need not identify an overlooked precedent to invoke it.**

The District frames reconsideration as available only where a movant points to a controlling decision the Court overlooked, and faults Plaintiff for citing none. (ECF No. 57 at 5-7.) But Max's Seafood Cafe v. Quinteros, which states the governing standard in this Circuit, recognizes three independent grounds: an intervening change in law, new evidence, or the need to correct clear error or prevent manifest injustice. 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff proceeds under the third alone. (ECF No. 55 at 4.) The motion does not rest on new evidence, and it does not need an uncited precedent; clear error and manifest injustice are freestanding grounds. Panna v. Firstrust Savings Bank, 760 F. Supp. 432, 435 (D.N.J. 1991) (the District's own authority) (the Court entertains reconsideration where overlooked matters "might reasonably have resulted in a different conclusion"). The District answers an argument Plaintiff did not make.

II.    **The premise of the Opposition, that Plaintiff did not answer the June 15 Order, is contradicted by the District's own brief and by the record; and the theory fails as a matter of law.**

The District's lead argument is that the administrative termination "expired on 6/30/2026 upon Plaintiffs' failure to provide the supplements to the Administrative Record," because the District answered the June 15 Order "while Plaintiffs never did." (ECF No. 57 at 6.) The District's own Procedural Posture refutes that four pages earlier: "Plaintiffs' June 29, 2026 letter purports to answer this Court's 6/15/2026 Order. See ECF 52." (ECF No. 57 at 3.) Plaintiff answered, and answered the precise defect the Court identified. The June 15 Order singled out paragraphs 9, 13, and 15 of Plaintiff's Statement of Material Facts as citing record portions "not before the Court." (ECF No. 43.) Plaintiff's June 29 letter addressed each of those paragraphs and attached the underlying pages as Exhibits A, B, and C. (ECF No. 52 at 2-3.)

The theory also fails as a matter of law, independent of whether Plaintiff answered. The District cites no authority for the proposition that an administrative termination automatically lapses, and terminated cross-motions automatically revive, upon a deadline stated in the terminating order, because there is no such authority. A matter that has been administratively terminated remains terminated until the Court reinstates it; nothing in the June 15 Order provides that the cross-motions would spring back to life, or that a closed briefing period would reopen and then re-close, if a party filed no supplement by June 30. The District's premise that briefing "closed nearly six months ago" (ECF No. 53; ECF No. 57 at 6) thus rests on a procedural rule it has invented, and on precisely the kind of unsupported assertion its own brief insists cannot carry a litigant's burden. Having demanded a controlling decision from Plaintiff, the District supplies

none for this dispositive step in its own argument. With the cross-motions terminated, there was no live briefing to close, and the standard is clear error of fact.

III.     ***Susan N.* governs additional evidence; it does not authorize omitting parts of the record; the ALJ's decision refutes the District's "sum and substance" argument.**

The District conflates two provisions of the same statute. A reviewing court "shall receive the records of the administrative proceedings," 20 U.S.C. § 1415(i)(2)(C)(i), and separately "shall hear additional evidence at the request of a party," id. § 1415(i)(2)(C)(ii). Susan N. v. Wilson School District construes subsection (ii). As the District quotes it, the case addresses "the extent to which the court is required to receive evidence beyond that contained in the administrative record." 70 F.3d 751, 757 (3d Cir. 1995). It is not authority for what the record must contain, and the District's own citation confirms the limit: J.M. v. Summit Board of Education reads Susan N. as confined to evaluating the reasonableness and efficacy of an IEP. 2020 WL 6281719, at *7 (D.N.J. Oct. 27, 2020). The prehearing transcripts are not evidence beyond the proceedings; they are part of the proceedings, and subsection (i) commands their receipt.

The "sum and substance" argument does worse than fail; the ALJ's own decision turns it inside out. The District says the decision rests only on "the exhibits and transcripts of the two day due process hearing." (ECF No. 57 at 7.) But the ALJ's own June 27, 2024 Amended Prehearing Order framed nine issues for adjudication, the sixth of which was "[w]hether the District violated Section 504 and the ADA by discriminating against A.T. and retaliating against A.T. and or his parents." At the July 24, 2024 conference, on the District's application and over the Petitioners' written objection, the ALJ removed that issue from the case, ruling that "it is not part of this case" and that "the 504 issue is not part of these proceedings." (Tr. Colloquy 9:12-13, 10:20-21, July 24, 2024 (Ex. D to ECF No. 52).) He then denied that same claim on the merits, concluding that "the record lacks substantiation of any harassment or retaliation" and that the claim was "DENIED." (ECF No. 1-3 at 25.) A claim removed from the case was decided on the merits. The only document exposing that contradiction is the omitted transcript. It is not cumulative of the hearing; it is essential to reviewing the decision the District asks this Court to affirm.

IV.     **The District has placed the boundary of the administrative record in dispute, and that boundary is not limited to the five transcripts.**

The District's materiality argument depends on a categorical premise: that the certified record consists of nothing more than the exhibits and transcripts of the two hearing days. (ECF No. 57 at 7.) That premise does not defeat the motion; it confirms the reason the motion asked the Court to settle the record's contents before any merits ruling. (ECF No. 55 at 6.)

Taken literally, the District's rule would exclude the tribunal's own work from the record of the tribunal's proceedings, an untenable result that demonstrates the boundary is genuinely contested. On the District's view, the record would omit the ALJ's June 27, 2024 Amended Prehearing Order framing the nine issues for adjudication, including the Issue 6 he later struck; his ruling that he would "not be issuing an amended prehearing order" (Tr. Colloquy 5:13-14, July 24, 2024); the District's July 24, 2024 letter requesting a Second Amended Prehearing Order removing Issue 6, and the Petitioners' written objection to that request; his June 6, 2024 order consolidating these matters; and his October 25, 2024 order granting the parties leave to

3

file response briefs. No coherent definition of an administrative record excludes the presiding judge's own orders and rulings.

Plaintiff does not, in this reply, move to admit these particular documents. Plaintiff identifies them to show that the District has put the parameters of the record in issue, that the dispute reaches well beyond the five transcripts, and that it cannot be resolved against Plaintiff by default. The proper course is the one the motion requested: reconsider the June 30 Order and set a schedule to settle the record's contents on the completed, sealed record. The issue of the record's proper content could be scheduled for separate briefing, or addressed in renewed summary judgment briefing.

## CONCLUSION

For the reasons stated, Plaintiff respectfully requests that the Court reconsider the June 30 Text Order (ECF No. 53) and enter relief consistent with the sequence its June 15 Order began: (1) confirm that the cross-motions for summary judgment remain administratively terminated; (2) direct that the five prehearing conference transcripts be added to the certified administrative record; and (3) once the sealed record is settled, set a schedule for the parties to address both the contents of the record and the cross-motions on the completed record.

Respectfully submitted,

*John Rue*

John Rue
JOHN RUE & ASSOCIATES / RUE LAW GROUP
Attorneys for Plaintiff A.T., individually and on behalf of his son, A.T.
cc:     All counsel of record (via CM/ECF)

4